JOHN OFFICER, as EXECUTOR, ETC., OF JOHN McKEOWN, DECEASED, PLAINTIFF, *v.* THE BOARD OF HOME MISSIONS AND THE BOARD OF CHURCH EXTENSION OF THE UNITED PRESBYTERIAN CHURCH OF NORTH AMERICA, DEFENDANTS.

*Power of sale — where no donee of the power is designated in the will, the power is vested in the executor.*

John McKeown died leaving a will by which, after directing the payment of his debts and making a small specific bequest, he gave, devised and bequeathed to his wife all the rest, residue and remainder of his estate, both real and personal, for her support and comfort, to vest absolutely in her during her lifetime, and at her decease, after all her lawful debts were paid, he further gave, devised and bequeathed to the Board of Home Missions, and the Board of Church Extension of the United Presbyterian Church of North America, the residue of his estate, "the same to be sold and turned into cash and divided equally between the two boards." He appointed the plaintiff executor.

*Held,* that the executor was authorized, upon the death of the widow, to sell and convey the real property of which the testator died seized.

That as the will bestowed a power of sale, without designating the donee of the power, the power vested in the executor.

*Bogert* v. *Hertell* (4 Hill, 500); *Dorland* v. *Dorland* (2 Barb., 80) followed.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

The question submitted was as to the power of the plaintiff, as executor of the will of John McKeown, to sell real estate of which he died seized.

*Henry Marshall* for the plaintiff.

*George W. Smith* for the defendants.

DYKMAN, J.:

This is a submission to the court without action, of a controversy, arising under the last will and testament of John McKeown, who died at Brooklyn on the 27th day of May, 1880, leaving a widow but no child or parent or grandchild. He left a holograph will which directs the payment of debts and makes a small specific bequest, and then has this provision: " *Third.* I give, devise and bequeath to my dearly beloved wife, Abby McKeown, all the rest, residue and remainder of my estate, both real and personal of every

kind or wheresoever situated, of which I may be possessed at the time of my decease, for her support and comfort, to vest absolutely in her, the said Abby McKeown, during her lifetime, and at her decease, after all her lawful debts are paid, I further give, devise and bequeath to the Board of Home Missions and the Board of Church Extension of the United Presbyterian Church of North America, the residue of my estate, the same to be sold and turned into cash and divided equally between the two boards."

All the questions presented for answer by the submission arise under the portion of the will above quoted, and the first question is this : Has John Officer, the plaintiff herein, authority under the last will and testament of John McKeown, deceased, to sell and convey the real property of which the said John McKeown died seized? and we think the question must be answered in the affirmative.

The entire estate of the testator was given to his wife absolutely for her absolute enjoyment, and it was within her power to use it all, but if she did not convert all the property to her own use then the residue remaining after her death and the payment of her debts was to be sold and turned into cash and divided equally between the two residuary legatees.

The widow did not use all the property and there was a residue, and it must be sold and converted into cash and divided. Thus the will bestows a power of sale without a designation of the donee of the power, and under the settled rules of law appropriately applicable to this case the power of sale vests in the executors. (*Bogert* v. *Hertell*, 4 Hill, 500; *Dorland* v. *Dorland*, 2 Barb., 80.) Not only was the power of sale conferred upon the executor by fair implication, but the exercise of the power has become absolutely necessary to make the distribution of the residue of the estate. Conversion of the residuary estate into cash and its equal division between the two designated boards is plainly required by the will, and is wholly incompatible with any intention to vest the estate in the legatees without a division. As the residue of the estate was to be sold at the death of the widow, as we have already concluded, it was in equity converted into personal property and the change and conversion took place at that time. (*Savage* v. *Burnham*, 17 N. Y., 569.)

The direction for conversion and division after the death of the wife was absolute, and the beneficiaries are named, but they took no vested interest until the arrival of the time for distribution, because the gift of the whole estate was primarily to the wife.    The bequest to the religious bodies was dependent upon the existence of a residue at the death of the wife of the testator, and until the determination of that fact it remained uncertain whether there would be any gift, and so long as that uncertainty was running the legacies could not vest.    (*Smith* v. *Edwards*, 88 N. Y., 92.)

The direction to sell the residue and turn it into cash was for the purpose of a division between the two residuary legatees.    (*Fisher* v. *Banta*, 66 N. Y., 468.)    And they must receive their shares in money, and the sale and distribution must be consummated by the executor.    No other agency is created for the execution of the purposes and intentions of the testator, and the implied power of the executor is not invalidated because it is not a trust within the provisions of the Revised Statutes.    A trust which may be lawfully executed under a power as this may be is valid as a power in trust. (1 R. S., 729, § 58; *Downing* v. *Marshall*, 23 N. Y., 379.)

Judgment should therefore be rendered authorizing and empowering the plaintiff, John Officer, to sell and convey the real property of the testator according to the submission.

BARNARD, P. J., and PRATT, J., concurred.

PRATT, J.:

The plain import of the will is that the whole estate shall be turned into money, and after paying the debts of Abby McKeown, the residue is to be divided between the residuary legatees, who will thus receive their bequests in money.    After directing these dispositions the testator appoints John Officer " executor of this my last will."    The intention to confer a power of sale upon the executor would not be made plainer by the use of technical terms, and the power thus conferred is good.    See cases cited in *Bentham* v. *Wiltshire* (4 Mad., 46); *Curtis* v. *Fulbrook* (8 Hare, 278).

Judgment should direct the plaintiff to execute the trust, sell the real estate and pay the legacies.

Judgment for plaintiff upon submitted case.