*In re* QUINN'S ESTATE.

(*Surrogate's Court, New York County.* March 11, 1890.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—PROFITS OF LAND CHARGED WITH DEBTS.

A creditor of a testator cannot compel the executor to account for the income of land charged by testator with the payment of the debt, as the title to the land vests

in the devisees on testator's death; but, as the charge of the debt on the land does not exonerate the personalty, the creditor may surcharge the executor's account with the profits of testator's business, bequeathed by him to his sons.

2. SAME—NON-COMPLIANCE BY LEGATEE WITH TERMS OF WILL.
    An executor, who has turned over testator's business to the legatees, cannot be called on by a devisee to account for the legatees' failure to comply with a provision of the will which directed them to apply one-third of the net profits annually to the payment of a mortgage on the land devised to her.

3. SAME—COMPROMISE OF CLAIMS.
    Testimony by the executor that a compromise of a judgment made by him without authority from the surrogate was advised by the attorney for the estate, and that it was the best settlement that could be effected at the time, is insufficient to establish affirmatively the propriety of the compromise.

4. SAME—PARTIES.
    Before a decree of distribution can be entered in proceedings instituted by a surviving executor for the judicial settlement of his accounts, all persons interested in the deceased executor's estate must be cited as parties.

Motion to confirm report of referee on voluntary accounting of the surviving executor of the estate of Daniel Quinn, deceased.

*James A. O'Gorman,* for executor.    *John McGinn,* for contestants.

RANSOM, S.    The contestants herein are Patrick J. Fox, a creditor, and Rosanna Fox, a devisee under the will.    By the eleventh clause of the will, certain real estate was devised "subject to the payment of my indebtedness at the time of my death to Patrick J. Fox;    *    *    *    and I expressly direct that, after the payment of the current expenses of the above-described property, and the interest upon the mortgage now a lien thereon, that the net income of the said property shall be applied first to the payment of my said indebtedness to the said Patrick J. Fox."    The creditor, whose debt was thus recognized by the testator, and made a charge upon the income of this real estate, sought to procure in this accounting of the executor an account of the rents and profits of the real estate thus devised.    The referee excluded all testimony with reference thereto, on objection.    The devisees, upon the death of the testator, took the title to the real estate, subject to the charge provided by the will.    The executor, as such, had nothing to do with the real estate, or the income thereof; and it is clear that the referee was correct in his ruling,

By the fifteenth clause of his will, testator bequeathed to his two sons the good-will of his business, and all stock, property, and capital therein, upon condition that they set apart and apply one-third of the net profits annually to the payment of a mortgage upon certain premises, an interest in which, by another clause in the will, was devised to Rosanna Fox, the other objectant. Upon the accounting, this contestant sought to introduce proof, and to examine the executor, with reference to the said business and the profits realized therein, claiming the right to do so by virtue of the foregoing provisions of the will.    The referee excluded all testimony with reference thereto.    I am of the opinion that this ruling of the referee was correct, and that, for any relief which the devisee may have by reason of an alleged violation of the condition upon which the bequest was made, she must be relegated to another tribunal.    The executor, as such, when he delivered the property which was the subject of the legacy to the legatee, had fulfilled his duty, and cannot be called upon in this accounting, by the devisee, for a failure to see to the application of the profits.    It may be urged that this devisee would have standing, as one of the next of kin of decedent, to share in the personalty thus bequeathed, in the event of a forfeiture by breach of condition.    But the executor does not represent the next of kin, to whom the right of action would accrue for such breach or non-fulfillment, and was under no obligation, and in fact would have no standing, to sue for the same.

Both contestants were represented upon the accounting by the same attorney, and the questions raised upon the admissibility of the evidence referred to above were, of course, urged by him for the benefit of both the parties he

represented. While the referee ruled properly in excluding the testimony as to the assets of the business bequeathed to the two.sons, and the profits realized therein, when offered by him in his capacity as counsel for the devisee, he fell into error in not distinguishing between the merits of the objection as urged in her behalf, and when urged for the creditor. The latter is not bound to accept the provisions of the will making his debt a charge upon the rents of the realty, nor does the provision in that behalf exonerate the personalty from liability. Personalty constitutes the fund which is, in the first instance, applicable to the payment of debts, and whatever rights the legatee obtained under the will is subject to the debts of the decedent. It was the right, therefore, of any creditor, to pursue this personalty, and to surcharge the.accounts of the executor with any.increase thereof, with the ultimate purpose of having the same applied to the discharge of the obligation held by him. In this respect the referee erred.        · · ·

Objection was made by the contestants to the compromise by the executor of a judgment in the sum of $852 for $500. The executor testified that it was. the best settlement that could be effected. at that time, and was made under the advice of the attorney who then represented the estate. No application was made to the surrogate to authorize this compromise, nor is any evidence ·adduced, either on behalf of the contestants or of the.executor, as to the facts and circumstances under which the compromise was effected. It was the duty of the executor to establish affirmatively the propriety of the compromise. In· view of this condition of the proof, the objection must be sustained.

I have carefully examined the testimony with reference to the other objections and exceptions interposed, and am of opinion that the report of the referee was correct. My conclusions, however, with reference to the objections ' discussed, necessitate the denial of the motion to confirm the referee's report.

This proceeding was instituted by the executor for a judicial settlement. His co-executor, who qualified, died subsequent to the issuance of letters, and the survivor procured the issuance to himself of letters testamentary upon his estate. In the present proceeding he cites himself as executor of the estate of · his co-executor. Before a'decree can be entered in this proceeding directing· distribution, all the parties interested in the estate of John H. Quinn. the deceased co-executor and legatee, must be cited. *Fisher* v. *Banta*, 66 N.Y. 468; *Solomons* v. *Kursheedt*, 3 Dem. Sur. 310.