MANLEY et al. v. MANLEY et al.

(Supreme Court, Special Term, New York County. November 6, 1908.)

1. PARTITION (§ 55*) — COMPLAINT — SUFFICIENCY—POSSESSION—NECESSITY FOR ALLEGING.

A complaint to partition devised premises, severally describing the parties as decedent's children and grandchildren, and setting forth their respective shares, etc., is not insufficient for failing to allege possession by plaintiffs or defendants.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 155; Dec. Dig. § 55.*]

2. PARTITION (§ 16*)—DEVISES—RIGHTS OF DEVISEES.

Under a will fixing the interests of devisees in the residuary estate and providing for allotment of the various shares, devisees are not precluded from suing to sell the land and partition the proceeds, on a showing that the shares cannot be allotted by dividing the land without prejudice to the owners thereof, on the theory that the devisees cannot take anything

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

until there is an actual distribution of the residuary estate, after payment of the specific bequests.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 52–59; Dec. Dig. § 16.*]

3. PARTITION (§ 16*)—DEVISES—RIGHTS OF DEVISEES.

Under a will absolutely devising shares in the residuary estate, directing the executor to allot the shares, and giving him a discretionary power of sale, until exercise of such power, the residuary estate must be treated as realty, and the devisees can exercise their statutory right to a partition thereof.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 52–59; Dec. Dig. § 16.*]

Partition by Louis Manley and others against Reuben M. Manley and others. Demurrers to complaint overruled.

George M. Brooks, for plaintiffs.
Franklin G. Manley, for defendants.

DAYTON, J. The plaintiffs bring their action in partition. The complaint alleges that Mary A. Manley died July 22, 1906, seised and possessed of certain real property in the county of New York; that the decedent left a will containing a codicil, both of which were duly admitted to probate and letters testamentary issued thereon to Reuben M. Manley, one of the defendants, a copy of said will and codicil being annexed to the complaint; that said Mary A. Manley left her surviving the plaintiffs and the defendants, who are severally described as her children and grandchildren. The rights, shares, and interests of these parties to the devised premises are then particularly set forth, and it is alleged that the said premises are so situated that an actual partition cannot be had without great prejudice, and a sale is necessary. The complaint closes with the customary prayer in partition. To this complaint the defendants demur for insufficiency.

It is their first contention that the complaint is insufficient because it contains no allegation of possession by the plaintiffs or defendants, and they rely upon Doane v. Mercantile Trust Co., 160 N. Y. 494, 55 N. E. 296, to support this contention. In that case there was no allegation showing plaintiff's right to bring the action, nor was there any averment disclosing the relationship of any party to the testator. There was the bald allegation of seisin, with no facts to support it. As has been shown, supra, this complaint contains a full disclosure of the relationship of the parties. The Doane Case was distinguished quite recently by the Appellate Division in the case of Leidenthal v. Leidenthal, 121 App. Div. 271, 105 N. Y. Supp. 808, on this very point, where the court said:

"The Court of Appeals, in Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697, Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952, and Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663, has established the rule that possession is not necessary to the maintaining of an action of partition by one having an interest by ownership in fee in the property."

It is the second contention of defendants that plaintiffs, suing as devisees, are bound by the terms of the will. The argument that plaintiffs cannot take anything until there is an actual distribution of

the residuary estate by the executor, subsequent to the payment of the specific bequests, is untenable. The will provides for an allotment of the various shares, and it is that very allotment which is here sought.

The will fixes the rights and interests of the parties in the real property, and because those shares cannot be "allotted" by division of the real property without prejudice to the owners thereof a sale and partition of the proceeds is alleged to be necessary.

The third objection to the complaint, that it is contradictory in respect to its recitals concerning the interest of Harriet S. Manley, is likewise untenable. The only property sought to be partitioned is that referred to in the will as the residuary estate, and the complaint alleges that Harriet S. Manley is seised of one-seventh of "said premises," which are those "above described" in the complaint. The will expressly provides that the shares of the plaintiffs are devised to them "absolutely, to have and to hold the same unto them and their heirs," and to their "use, forever." The executor is directed to "allot" these shares, and is given a discretionary power of sale. No question of the construction of the will can arise, for it admits of but one construction; and, as the power of sale is not imperative, until the executor should actually exercise the power, the residuary estate must be treated as realty, and the plaintiffs are entitled to exercise their statutory right to seek and obtain partition of lands in which they have an inheritance as tenants in common. Mellen v. Banning, 72 Hun, 176, 25 N. Y. Supp. 542; Palmer v. Marshall, 81 Hun, 15, 30 N. Y. Supp. 567; Wood v. Hubbard, 29 App. Div. 166, 51 N. Y. Supp. 526; Stebbens v. Turner, 55 Misc. Rep. 593, 105 N. Y. Supp. 945.

The demurrers must be overruled, with leave to all defendants to answer over upon the usual terms.