(173 App. Div. 469)

BARBER et al. v. TERRY et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1916.)

1. WILLS ⬿15—CHARITABLE DEVISES—RESTRICTIONS—MARRIED WOMAN.

Under the express provision of Decedent Estate Law (Consol. Laws, c. 13) § 17, a married woman, survived by her husband, had no power to give or devise over one-half of her estate to benevolent and charitable institutions, and her attempted devise or bequest was valid only to the extent of one-half.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 36; Dec. Dig. ⬿15.]

2. DESCENT AND DISTRIBUTION ⬿1—INTEREST OF HEIRS—TIME.

The heirs and next of kin derive their title under the law of descent and distribution, and their rights attach immediately on the death of the testator to any part of the estate not validly disposed of by the will.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 1–6; Dec. Dig. ⬿1.]

3. PARTITION ⬿16—TITLE TO SUPPORT ACTION—RIGHTS OF DEVISEES.

Under a will giving numerous legacies and providing for paying them in full in the order in which they were set forth in the will, without any pro rata abatement, and authorizing the executors to sell or lease, etc., or in their discretion to retain real or personal property as received by the estate, or to distribute it in kind to the persons becoming entitled to any part thereof under the provisions of the will, a suit for partition by nieces and nephews of the testatrix, claiming fractional interests in a parcel of land as heirs, was premature, as, before the executors' unrestricted powers of allotment had been exercised, the heirs' title remained defeasible.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 52; Dec. Dig. ⬿16.]

4. PARTITION ⬿14—DEVISEE—TITLE—RIGHTS OF DEVISEES.

A mere testamentary power of sale will not take from the heirs the right to have partition, nor will a power of allotment to executors have such effect, if the allotment is to be only among those tenants in common who were joined as parties in the petition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 37; Dec. Dig. ⬿14.]

Appeal from Special Term, Westchester County.

Suit for partition by Epaphras L. Barber and others against Marshall O. Terry and Frank L. Hall, individually and as executors, etc., and others. From parts of a judgment dismissing the complaint upon the merits, the plaintiffs, defendant Edwin L. Barber, and certain other defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Walter J. Moore, of New York City, for plaintiffs appellants.
Scott McLanahan, of New York City, for defendants appellants.
Ernest P. Hoes, of New York City, for respondents.

PER CURIAM. [1] The testatrix, having been survived by her husband, Dr. Marshall O. Terry, had not power to give or devise over one-half of her estate to benevolent and charitable institutions. De-

cedent Estate Law (Consol. Laws, c. 13) § 17. Her attempted devise or bequest was valid "to the extent of one-half, and no more." For the purpose of this appeal, we have these amounts:

| | | |
|---|---:|---:|
| Total estate, less debts and expenses | | $2,556,208.61 |
| Amount (being half) available for charity | | 1,278,104.30 |
| Total bequests: | | |
| To the A. M. McGregor Home | $1,793,066.82 | |
| To St. John's Church | 10,000.00 | |
| To Free Kindergarten Association | 5,000.00 | 1,808,066.82 |
| Intestacy excess | | $ 529,962.02 |

The will created (eighth paragraph) a trust fund to the husband, Dr. Terry, for life, of $500,000, with remainder to the A. M. McGregor Home. In other legacies, not charitable, the will gave $325,000. The nineteenth clause of the will provided for paying legacies in full in the order in which they are set forth in the will, without any pro rata abatement if the estate should be insufficient to pay all of them. The twenty-first clause authorized the executors and the trustees of the trust hereinbefore created "to sell at public or private sale, for cash or credit, and to lease," and gave a general power of disposition. For this appeal, however, the important provision is the twentieth:

"I hereby authorize and empower my executors at their discretion, to retain the property whether real or personal, constituting my estate, as the same shall be received by them at their discretion to distribute the same in kind to the persons who shall become entitled to any part thereof under the provisions of this my will, at valuations to be placed thereon by my said executors, and I direct that the valuations so fixed shall be binding upon all persons interested under this my will."

[2-4] The present plaintiffs are the nephews and nieces of deceased. They sue to partition land on De Lancey avenue, in Mamaroneck, Westchester county, in which they claim fractional interests. The answer denied title in plaintiffs, and also set up a lien in favor of the executors for the transfer tax that they had advanced. The court below rendered judgment dismissing the complaint upon the merits.

The executors have power to allot any of deceased's estate to those entitled under the will. It is a power created by devise in a will, which the executors may yet exercise so as to take the lands from the heirs. "The heirs and next of kin of the testatrix derive their title under the law of descent and distribution, and their rights attached immediately on the death of the testatrix, to any part of the estate not validly disposed of by the will. If the power attempted to be created by the will was valid, their rights, whatever they were, were subject to it." Read v. Williams, 125 N. Y. 560, 570, 26 N. E. 730, 21 Am. St. Rep. 748.

The respondents rely upon Rich v. Tiffany, 2 App. Div. 25, 37 N. Y. Supp. 330, where executors had power over the corpus of the estate, and Matter of Teed, 59 Hun, 63, 12 N. Y. Supp. 642, which held that such charitable gifts should not come wholly from personalty (59 Hun, 66, 12 N. Y. Supp. 642). Appellants cite Chamberlain v. Chamberlain, 43 N. Y. 424, where no equitable conversion occurred, because the power to sell was discretionary, and not absolute; also

Matter of Clark, 62 Hun, 275, 17 N. Y. Supp. 93, where powers confided to executors nevertheless did not subject the real property to payment of charitable gifts.

Under the clauses of the present will the lands, including that which is the subject of this action, are not yet so held by the heirs that, in their suit for partition, the court could authorize an indefeasible title to a purchaser. While it is settled that a mere testamentary power of sale would not take from the heirs the right to have partition (Hayden v. Sugden, 48 Misc. Rep. 108, 96 N. Y. Supp. 681; Wittel v. Wittel, 82 N. J. Eq. 229, 91 Atl. 722), nor would such a power of allotment to executors have this effect, if the allotment were to be only among those tenants in common who were joined as parties in the partition (Manley v. Manley, 61 Misc. Rep. 183, 112 N. Y. Supp. 771), the present power of the executors to allot, or to sell, may be exercised so as to take away this or any other real estate of decedent, and apply it so as to form the corpus of either fund, or to satisfy the large legacies of over $300,000. Before the executors' unrestricted powers of allotment shall have been exercised, the heirs' title remains defeasible. Therefore this partition suit is premature.

In view of the terms of paragraph 21, and the powers conferred on the executors to take and apply either realty or personalty, the court is not now called on to instruct or direct the executors in the discharge of this trust. In order to leave the will in full force, and not to restrict the executors' powers under it, we deem it better to rescind and reverse the conclusions of law numbered 5 and 11, both in the decision and in the judgment, but to confirm the findings of fact and the other conclusions of law by the court at Special Term.

The judgment is therefore affirmed, with costs to the respondents Terry and Hall, individually and as executors, payable out of the estate. The conclusions of law numbered 5 and 11 are, however, rescinded and reversed.