In the Matter of the Petition of EDWARD FORD to Render and Settle His Account as Temporary Administrator, etc., of WILHELMINA AUBKE, Deceased.

Surrogate's Court, Kings County, June 3, 1929.

*Charles S. Amsel*, for the petitioner.

*L. & A. U. Zinke*, for objectant.

*Ira J. Schuster*, for objectant.

*Gray & Tomlin*, for Roman Catholic Church of All Saints.

*Hector McG. Curren*, for St. John's College, Brooklyn.

*Robert E. Moffett*, for Theodore Schneider, George P. Schneider and Paul Schneider, heirs at law.

*Joseph M. O'Shea*, special guardian.

WINGATE, S. This is an application by a temporary administrator to render and settle his accounts in that capacity. The only point in controversy is as to whether he should turn over the funds in his hands to the chamberlain of the city of New York, or to himself as executor. This fund amounts to $3,740.15, subject to his commissions and expenses.

Wilhelmina Aubke died on December 9, 1927, seized of certain improved and unimproved real estate and possessed of certain second mortgages and $350 par value of Liberty bonds. Probate of testatrix's will was necessarily delayed, in consequence of which one of the executors named therein was, on December 28, 1927, appointed temporary administrator, and has ever since acted in that capacity.

On October 23, 1928, the will was admitted to probate and letters testamentary were issued to the temporary administrator. The will makes specific bequests of all household furniture and gives five legacies aggregating $18,000. The residue is bequeathed to Carrie Bausewein, and the executor is granted " full power of sale of any of my real or personal property."

The chief complication in the administration of the estate arises from the fact that the residuary legatee predeceased the testatrix, thus causing an intestacy as to residue. The heirs at law have instituted an action in the Supreme Court to partition the real estate, on the theory that testatrix died intestate in respect thereto. The proceeds of this action are to be deposited with the city chamberlain to the credit of the action, there to be held until the expiration of the statutory period during which claims are a charge on the real estate. It is the contention of certain of the heirs at law that the funds in the hands of the temporary administrator should likewise be deposited.

For the purpose of the present determination, it is unnecessary to pass upon the question of whether the predecease of the residuary legatee, which resulted in an intestacy as to the residue, produced an intestacy as to testatrix's real estate. Granting that it did, the action of partition was legally possible under the decisions, in spite of the power of sale in the executor. (*Duffy* v. *Duffy*, 50 Hun, 266; affd., 130 N. Y. 654; *Thompson* v. *Hart*, 58 App. Div. 439; affd., 169 N. Y. 571; *Manley* v. *Manley*, 61 Misc. 183.) It would seem, however, that to the extent that resort to the real estate may be necessary to carry out the express provisions of the will, the partition would be subject to defeat or at least its proceeds could be followed by the executor to enable him to pay debts of the decedent, taxes and administration expenses of the estate and testamentary gifts by the testatrix which were entitled to precedence in the payment over the rights of the residuary estate of which the testatrix died intestate. (*Fisher* v. *Banta*, 66 N. Y. 468, 476, 477; *Trask* v. *Sturges*, 170 id. 482, 489, 490; *Bender* v. *Paulus*, 197 id. 369, 376; *Fraser* v. *Bowerman*, 104 Misc. 260; *Barber* v. *Terry*, 173 App. Div. 469.)

In the case of *Bender* v. *Paulus* (*supra*) the Court of Appeals says (at p. 376): " The rule deducible from the adjudged cases

on the subject seems to be that adopted by the learned judge at Special Term, that where real estate is devised to executors in trust to sell and distribute the proceeds among certain designated beneficiaries and a share thereof passes to testator's heirs at law by reason of the invalidity of the devise of that share, the whole property is nevertheless subject to the exercise of the power of sale, if it is necessary to exercise that power in order to carry out to the best advantage the valid provisions of the will."

The same court in *Fisher* v. *Banta* (*supra*) pointed out (at pp. 476, 477) that the same results followed the giving of a power of sale as resulted from a devise in trust where a sale of the real estate was necessary to accomplish the valid express directions in the will.

Unless, therefore, it is demonstrated beyond a reasonable doubt that the executor will have in his hands ample personal property and funds from which to pay all administration expenses, taxes, claims and specific bequests without resort to the funds in his hands as temporary administrator, it would be a futile act to order him to pay those moneys over to the city chamberlain, since it might well be that within a brief time after their deposit he would be obliged to withdraw them again.

According to the figures of his account, which do not appear to be disputed, the assets of the estate, aside from the real estate and aside from the household furniture which was specifically bequeathed, consisted of

| | | |
|---|---:|---:|
| Cash | $33 | 25 |
| Liberty bonds (face value) | 350 | 00 |
| Second mortgages (face value) | 20,150 | 00 |
| Total (face value) | $20,533 | 25 |

According to his account, the temporary administrator has collected $3,525 on account of the principal of these mortgages, leaving a balance of personalty in his hands, at face value, of $17,008.25, exclusive of the sum involved in this accounting. It is probable that the claims of creditors against the estate have largely been settled, but not only have the specific legacies, amounting, as stated, to $18,000, not been paid, but no provision has been made for transfer taxes or administration expenses. Were the moneys now in the hands of the temporary administrator to be paid to the city chamberlain, the executor would be left with assets which, at their face value, would fall short by about $1,100 of paying the legacies without taking taxes and administration expenses into account. The court may, further, well take judicial

notice of the fact that second mortgages are seldom salable at their face value, which would indicate that the deficiency would be even more marked. Indeed, it seems probable that even with the sum in the hands of the administrator turned over to the executor, the assets at his disposal will still be insufficient to settle the estate and that he will be obliged to resort to some extent to the proceeds of the sale of the realty.

Finally, it appears from the accounts of the administrator that his total collections for account of the real estate amounted to $3,076 and disbursements for its account amounted to $2,493.85. As a result, of the $3,740.15 in his hands, $3,158 is definitely personal property and its proceeds. There could be no possible basis for a determination that this should be paid to any one other than the duly qualified executor of the estate.

It is, therefore, found that the surplus funds in the hands of the temporary administrator should be paid by him to himself as executor.

Settle decree, on notice, accordingly.