RICH et al. v. TIFFANY et al.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

1. WILLS—BEQUESTS—RIGHT TO CONTEST VALIDITY.
　　The provisions of Laws 1860, c. 360, declaring that "no person having a husband, wife, child, or parent" shall devise or bequeath to certain corporations more than half his estate, are available to the heirs of a testator (after the death of his wife) who, having a wife, but no child or parent, makes a will contravening the statute.

2. SAME—BEQUESTS TO CHARITIES—VALIDITY—COMPUTATION.
　　Whether a will giving to testator's wife for life the income of the estate, with power to the executors to devote such part of the corpus of the estate to her support as they judge proper, with remainder to charitable corpora-

tions, violates Laws 1860, c. 360, prohibiting the giving by will to certain corporations, by one having a husband, wife, child, or parent, of more than half his estate, is a matter for computation after the death of the wife.

Appeal from judgment on report of referee.

Action by John C. Rich and others against William B. Tiffany and others. From a judgment for plaintiff, defendant the Congregational Education Society appeals. Affirmed.

The undisputed facts in this case show that one Jonathan C. Taylor, who resided in the city of Rochester, died upon the 13th day of February, 1891, leaving a last will and testament and also a codicil thereto. By the provisions of his will he directed his executors to pay his just debts and funeral expenses and to erect suitable gravestones to mark the final resting place of himself and his wife, Harriet A. M. Taylor, if she should survive him. He also gave to his wife, for and during the term of her natural life, the income and profit of his estate, both real and personal, but provided that, in case such income and profit were insufficient to afford his wife a proper and suitable support and maintenance, his executors could sell and dispose of so much of his personal and real estate as might be necessary to provide for her personal comfort during her lifetime. He also gave, after the death of his wife, the sum of $1,000 to the First Congregational Church and Society of Northbridge, Mass., but by his codicil this bequest was changed into a devise of a certain wood lot, which he owned, in Sutton, Worcester county, Mass., the value of which is conceded to be $750. All the rest and residue of his estate, both real and personal, he gave to the American College and Education Society, which is the same corporation known as the "Congregational Education Society," its name having been changed by chapter 81 of the Acts and Resolves of Massachusetts for the year 1894. Mrs. Taylor, who was 70 years, 6 months, and 16 days old at the death of her husband, survived the latter for a period of about 3 years. During her widowhood the executors expended for her support and maintenance nearly $1,175 each year, about $300 of which sum was derived from the net income of the estate, which consisted, in the main, of two houses and lots in the city of Rochester, valued at about $8,000 each, and upon one of which there was a mortgage incumbrance of $2,900. The testator died leaving neither father, mother, brother, sister, nor child, nor the descendant of any child; and this action is brought by the plaintiffs, who, with the defendants other than the two corporations, are the heirs at law of Mr. Taylor, to obtain partition of the real estate of which he died seised, upon the theory that the defendant the Congregational Education Society is not entitled to take the entire residuum of his estate under the fifth clause of his will, for the reason that it is in violation of the statute of 1860.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Horace McGuire, for appellant.

Charles A. Widener, for respondents Rich et al.

Charles M. Williams, for respondent Congregational Church and Society.

ADAMS, J. The facts above recited seem to present two questions for our consideration, and these are: First, is this will, so far as the devise of the appellant is concerned, within the condemnation of chapter 360 of the Laws of 1860? and, second, did the court below adopt the correct method of ascertaining that fact? It is conceded by all the parties that the appellant is one of the corporations referred to in the statute just mentioned, which reads as follows:

"No person having a husband, wife, child or parent shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary,

scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more."

As has been stated, the testator left a wife, but none of the other kindred specifically mentioned in this statute; and the first query which presents itself to our minds is whether or not the respondents, whose relationship to the testator was very remote, are in a position to avail themselves of its provisions. In the case of Church of Redemption v. Grace Church, 68 N. Y. 570, 582, it was held that, to enable a person to make inquiry into an excess on the part of a corporation in its accumulation, he must be in a position to claim an interest in the property, if it is adjudged that the corporation may not. And in discussing the same question, which arose under the statute of 1848, Rapallo, J., in the case of Stephenson v. Short, 92 N. Y. 433–441, says:

"Conceding that the purpose of the two-months clause is to prevent the testator, when in extremis, from devoting his estate to charitable or religious purposes, to the disinheriting of his kindred and heirs, and that it is intended for their protection, we find nothing to indicate that it ever was the policy of the legislature of this state to confine that protection to the wife, children, or parents of the testator."

We also discover that this question has been expressly adjudicated in at least two instances, by the supreme court of this state (Harris v. Slaght, 46 Barb. 470; McKeown v. Officer [Sup.] 6 N. Y. Supp. 201), and that, in the case last cited, an appeal to the court of appeals was dismissed without any expression of disapproval by that court of the conclusion reached by the court below upon this feature of the case (127 N. Y. 687, 28 N. E. 401). In the Fayerweather will case (Trustees v. Ritch, 36 N. Y. Supp. 576), recently decided by the general term of the first department, the learned presiding justice appears to entertain a different view of the scope and meaning of this statute; but, inasmuch as the view expressed by him was not necessary to the decision of that case, it cannot be regarded as an authority in conflict with those already cited.

We conclude, therefore, that the respondents, inasmuch as they are the heirs at law of the testator, having an interest in his estate, provided they make good their contention, are entitled, by reason of their relation, to avail themselves of the provisions of the statute in question, however remote their relationship may have been. Having reached this conclusion, we are unable to discover any error in the method adopted by the learned referee in determining the value of the testator's estate. Had the testator given to his wife simply a life estate, with the remainder over to the appellant, the rule contended for by the learned counsel for that corporation would, undoubtedly, have been the correct one to have applied, because, in that case, it would have been proper to have ascertained the value of the testator's estate at the time of his death, and also the value of the life estate, which was easily ascertainable by the aid of the annuity tables. Hollis v. Theological Seminary, 95 N. Y. 166. But here the testator not only left his widow a life estate, but he gave to his executors discretionary power to devote such portion

of the corpus of the estate as, in their judgment, would be reasonable for her proper support and maintenance.    What portion was necessary or proper for that purpose could only be ascertained by experience, and it follows, therefore, that a computation must necessarily be deferred until the death of the widow, because no possible basis could be furnished therefor at any previous time.    At all events, the late general term of the fifth department, in Re Teed, 59 Hun, 63, 12 N. Y. Supp. 642, and 76 Hun, 567, 28 N. Y. Supp. 203, established the rule adopted by the referee, in a case the circumstances of which were very similar to those in the present case, and we are content to follow the rule there established.

The views thus expressed lead to an affirmance of the judgment appealed from, with costs to the respondents to be paid out of the estate; and, inasmuch as the appeal, so far as it affected the Congregational church and society, was expressly waived upon the argument, we think that that respondent should also have a separate bill of costs from the same source.

Judgment affirmed, with costs to the plaintiffs (respondents), to be paid out of the estate, and a bill of costs to the Congregational church and society, also payable out of the estate.    All concur.