EPAPHRAS L. BARBER and Others, Appellants, v. MARSHALL
O. TERRY and FRANK L. HALL, Individually and as Execu-
tors, etc., of TOOTIE McGREGOR TERRY, Deceased, and
Others, Respondents, Impleaded with EDWIN L. BARBER and
Others, Appellants, and JAMES M. ROBERTSON and WALTER
S. ADAMS, as Executors, etc., of SOPHIA L. B. McCROSKY,
Deceased, and Others, Defendants.

(*Supreme Court, Appellate Division, Second Department, June* 16, 1916.)

DECEDENT'S ESTATE—DEVISE TO CHARITABLE INSTITUTIONS—STATUTORY
LIMITATION—WILL—POWER CONFERRED UPON EXECUTORS TO ALLOT PROP-
ERTY IN KIND—PARTITION—WHEN ACTION PREMATURE.

A testatrix leaving a husband surviving cannot give or devise over one-
half of her estate to benevolent and charitable institutions as provided
in section 17 of the Decedent Estate Law.

Where a testatrix authorizes her executors in their discretion to retain
the property of the estate, whether real or personal, as the same shall be
received by them, and in their discretion to ''distribute the same in
kind to the persons who shall become entitled to any part thereof under
the provisions'' of the will at a valuation to be placed thereon by the
executors, such valuation to be binding upon beneficiaries, the heirs at
law entitled to share in a portion of the estate which constituted the
excess over charitable devises allowed by the statute are not entitled to
maintain an action to partition certain lands in which they claim a frac-
tional interest, for owing to said power conferred upon the executors the
title of the heirs is defeasible until the executors have made an allot-
ment, and hence the action for partition is premature.

APPEAL by the plaintiffs, Epaphras L. Barber and others,
and by the defendants, Edwin L. Barber and others, from parts
of a judgment of the Supreme Court in favor of certain of the
defendants, entered in the office of the clerk of the county of
Westchester on the 13th day of July, 1915, upon the decision of
the court after a trial at Westchester Special Term.

Walter J. Moore, for the plaintiffs, appellants.

Scott McLanahan, for the defendants, appellants.

Ernest P. Hoes, for the respondents.

PER CURIAM — The testatrix, having been survived by her husband, Dr. Marshall O. Terry, had not power to give or devise over one-half of her estate to benevolent and charitable institutions. (Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 17.) Her atempted devise or bequest was valid " to the extent of one-half, and no more."

For the purpose of this appeal we have these amounts:

Total estate, less debts and expenses.........  $2,556,208 16

Amount (being half) available for charity.....$1,278,104 30

Total bequests:

| | | |
|---|---:|---:|
| To the A. M. McGregor Home ............. | $1,793,066 82 | |
| To St. John's Church.. | 10,000 00 | |
| To Free Kindergarten Assn. ............. | 5,000 00 | |
| | | 1,808,066 82 |

Intestacy excess ....................... $529,962 52

The will created (8th paragraph) a trust fund to the husband, Dr. Terry, for life, of $500,000, with remainder to the A. M. McGregor Home. In other legacies, not charitable, the will gave $325,000.

The 19th clause of the will provided for paying legacies in full in the order in which they are set forth in the will, without any *pro rata* abatement if the estate should be insufficient to pay all of them.

The 21st clause authorized the executors and the trustees of the trust hereinbefore created "to sell at public or private sale, for cash or credit, and to lease," and gave a general power of disposition.

For this appeal, however, the important provision is the 20th: "I hereby authorize and empower my executors at their discretion, to retain the property whether real or personal, constituting my estate, as the same shall be received by them at their discretion to distribute the same in kind to the persons who shall become entitled to any part thereof under the provisions of this my will, at valuations to be placed thereon by my said executors, and I direct that the valuations so fixed shall be binding upon all persons interested under this my will."

The present plaintiffs are the nephews and nieces of deceased. They sue to partition land on De Lancey avenue in Mamaroneck, Weschester county, in which they claim fractional interests. The answer denied title in plaintiffs, and also set up a lien in favor of the executors for the transfer tax that they had advanced. The court below rendered judgment dismissing the complaint upon the merits.

The executors have power to allot any of deceased's estate to those entitled under the will. It is a power created by devise in a will, which the executors may yet exercise so as to take the lands from the heirs. "The heirs and next of kin of the testatrix derive their title under the law of descents and distribution, and their rights attached immediately on the death of the testatrix, to any part of the estate not validly disposed of by the will. If the power attempted to be created by the will was valid, their rights, whatever they were, were subject to it." (Read v. Williams, 125 N. Y. 560, 570.)

The respondents rely upon Rich v. Tiffany (2 App. Div. 25), where executors had power over the *corpus* of the estate, and Matter of Teed (59 Hun, 63), which held that such charitable gifts should not come wholly from personalty (p. 66). Appel-

lants cite Chamberlain v. Chamberlain (43 N. Y. 424), where
no equitable conversion occurred, because the power to sell was
discretionary and not absolute; also Matter of Clark (62 Hun,
275), where powers confided to executors nevertheless did not
subject the real property to payment of charitable gifts.

Under the clauses of the present will the lands, including
that which is the subject of this action, are not yet so held by
the heirs that, in their suit for partition, the court could author-
ize an indefeasible title to a purchaser.

While it is settled that a mere testamentary power of sale
would not take from the heirs the right to have partition (Hay-
den v. Sugden, 48 Misc. Rep. 108; Wittel v. Wittel, 82 N. J.
Eq. 229), nor would such a power of allotment to executors
have this effect, if the allotment were to be only among those
tenants in common who were joined as parties in the partition
(Manley v. Manley, 61 Misc. Rep. 183) — the present power of
the executors to allot, or to sell, may be exercised so as to take
away this, or any other real estate of decedent, and apply it so
as to form the *corpus* of either fund, or to satisfy the large
legacies of over $300,000.

Before the executors' unrestricted powers of allotment shall
have been exercised, the heirs' title remains defeasible. There-
fore, this partition suit is premature.

In view of the terms of paragraph 21, and the powers con-
ferred on the executors to take and apply either realty or per-
sonalty, the court is not now called on to instruct or direct the
executors in the discharge of this trust. In order to leave the
will in full force, and not to restrict the executors' powers under
it, we deem it better to rescind and reverse the conclusions of
law numbered fifth and eleventh, both in the decision and in
the judgment, but to confirm the findings of fact, and the other
conclusions of law by the court at Special Term.

The judgment is, therefore, affirmed, with costs to the
respondents Terry and Hall, individually and as executors, pay-

able out of the estate. The conclusions of law numbered fifth and eleventh are, however, rescinded and reversed.

JENKS, P. J., THOMAS, CARR, RICH and PUTNAM, JJ., concurred.

Judgment affirmed, with costs to the respondents Terry and Hall, individually and as executors, payable out of the estate. The conclusions of law numbered fifth and eleventh are, however, rescinded and reversed.