IN THE MATTER OF THE ESTATE OF WILLIAM F. PROUT, DECEASED.

52h 109
68 AD 362

MOSES P. PROUT, SON OF ROBERT T. PROUT, RESPONDENT, *v.* MOSES P. PROUT, SON OF JACOB PROUT; GEORGE PIRNIE AND JAMES McNAB, AS ADMINISTRATORS, ETC., OF WILLIAM F. PROUT, DECEASED.

*Residuary legatee — is " a party in interest" authorized to call to account the administrators of an estate of which his testator inherited a share.*

A residuary legatee under the will of a nephew of a decedent whose estate passed by the law of inheritance to his nephews and nieces, is a person interested in the estate of said decedent, and may institute proceedings to compel the administrators of such decedent to render an account of their proceedings as such administrators.

*Fisher* v. *Banta* (66 N. Y., 468) followed.

APPEAL by Moses P. Prout, son of Jacob Prout, James McNab and George Pirnie, the administrators of William F. Prout, deceased, from an order made at the Special Term of the Supreme Court, and entered in the office of the clerk of the county of New York on the 29th day of January, 1889, directing the said administrators to render and settle an account as such administrators.

*G. H. Crawford,* for the appellants.

*E. D. Hawkins,* for the respondent.

VAN BRUNT, P. J.:

This is an appeal from an order made by the surrogate upon the petition of Moses P. Prout, directing that the administrators of William F. Prout, deceased, render and settle an account of their proceedings as such administrators.

The objection taken is that the petitioner is not a person interested in the estate so as authorize him to present his petition for the purposes above stated. The deceased, William F. Prout, died intestate, leaving personal property, and as his next of kin, six nieces and four nephews, of whom Robert T. Prout, the father of the petitioner,

was one.   Subsequent to the death of Wm. F. Prout, Robert T. Prout, his nephew, died, leaving a will whereby the brother of the petitioner, William, was appointed sole executor, and under which the petitioner was a residuary legatee.   This will was admitted to probate by the surrogate of Kings county, and letters testamentary issued thereon to the executor therein named.   It is claimed that such executor represents the sole claimant or party in interest in the estate of William F. Prout, deceased, as the personal representative of his nephew Robert T. Prout, deceased, the father of the petitioner.   The provisions of the Code are that a petition of this character may be presented by " a creditor or a person interested in the estate or fund;" and the interpretation of the term is somewhat obscured by the definition given to it by subdivision 11 of section 2514, where such person is defined as one who is entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor. Although the petitioner is not strictly legally entitled to receive directly from the administration any portion of the estate which they are called upon to administer, yet that he is a person interested in the estate, within the provisions of the section, seems to be distinctly held in the case of *Fisher* v. *Banta* (66 N. Y., 468), where the court holds that a legatee bearing the same relation to the original estate as the petitioner does to the estate of his great uncle, had an interest in a similar proceeding before the surrogate.

It is true that there may have been other reasons for the court holding as they did in that case, that the accounting should not be considered as final as the interest of the representatives of the two estates were in nowise hostile, and the interest of the legatees in the last estate were not represented by any independent party, the proceeding being instituted by a person as representative of one estate against himself as representative of another.   Were it not for this expression of opinion upon the part of the Court of Appeals we should be inclined to hold that the legatee, under the will of the nephew, had no interest, either absolute or contingent, in any portion of the estate of the great uncle, deceased, but that all the claimants of the petitioner's father's estate against the estate of the intestate were represented by the executor.   In view, however, of the expression

by the Court of Appeals upon this question, we think that the order should be affirmed, with ten dollars costs and disbursements.

BARTLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.