(68 App. Div. 357.)

## In re WATTS.

(Supreme Court, Appellate Division, Second Department.   January 17, 1902.)

1. WILLS—LEGACIES—VESTED ESTATE—CONSTRUCTION.
   Testator's will gave one-third of his property to a certain daughter, and to her children, if any; otherwise, "after her death," the estate to be divided between all testator's grandchildren.   At the death of the daughter there was living one grandchild only, and a child of another grandchild, who had not survived the daughter.   *Held*, that a contention that, as the gift to the grandchildren was expressed in a direction to divide or distribute the fund at a future time, a gift to the grandchildren was contingent, was without merit, the phrase, "after her death," relating merely to the termination of the life estate, and hence the issue of the deceased grandchild shared with the grandchild.

2. SAME.
   A certain clause of the will disposed of the residue of the estate in the same manner, and described it as money which the trustees were directed to invest.   *Held*, that a contention that the bequest was governed by the rule that where the gift is of money, and the direction to convert the estate is absolute, the legacy vests in those who answer the description at the time of distribution, was without merit.

3. SAME—GIFT TO A CLASS.
   A contention that the gift was to a class, to be ascertained at the death of the life tenant, was without merit; it appearing to have been the intention of the testator to provide for all his grandchildren, and not merely for those who might survive the termination of the life estate.

4. SAME—ACCOUNTING.
   Under Code Civ. Proc. § 2727, permitting a person interested in the estate of the decedent to present a petition for an accounting, a child of a deceased grandchild and claimed legatee of a testator presenting such a petition, where the answer does not challenge his right based on the relation, is within the purview of the statute.

Appeal from surrogate's court, Queens county.

Petition by Frank A. Watts for an accounting by Elizabeth Voris, as administratrix of the estate of Jesse Mills, deceased.   From an order granting the petition, the administratrix appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Burt Jay Humphrey, for appellant.
Henry A. Monfort, for respondent.

JENKS, J.   The testator left him surviving, as heirs at law and next of kin, his daughters Susan Hendrickson and Betsy Hendrickson, eight grandchildren, issue of his deceased daughter Mellie or Amelia Higbie, and a grandchild Elizabeth Voris, only child of his said daughter Susan.   His said daughter Betsy survived her husband.   She had no descendants living at the death of the testator, nor did she subsequently have issue.   No grandchild was born subsequent to the testator's death.   All the grandchildren except Elizabeth Voris died before the death of the testator's daughter Betsy.   None of the said eight grandchildren left issue save one, whose child is the petitioner.   The controversy arises over the construction of the eighth clause of the will, which provides as follows:

"All the rest, residue, and remainder of my estate I give and bequeath as follows: One-third part thereof I give the use or interest of to my daughter Melly and her husband, Samuel Higbie, so long as either of them lives, and after their death I give said one-third to the children of said Melly, equally between them. One-third part thereof I give the use or interest of to my daughter Susan and her husband, Hendrick A. Hendrickson, as long as either of them lives, and after their death I give said one-third to the children of my said daughter Susan, if she have any; if not, then to go to all my grand-children. The remaining one-third part thereof I give the use or interest of to my daughter Betsy and her husband, Samuel Hendrickson, as long as either of them lives, and after their death I give said one-third to the chil-dren of my said daughter Betsy, if she have any;. if not, then to go to all my grandchildren."

The appellant contends that Elizabeth Voris, as the sole sur-viving grandchild, is entitled to the entire remainder. The respond-ent insists he is entitled to the share which his mother (one of the said eight grandchildren) would have been entitled to had she sur-vived the testator's daughter Betsy Hendrickson.

I am of opinion that the grandchildren of the testator took a remainder in the one-third given for the use of the testator's daugh-ter Betsy, which vested in them at the death of the testator as a right according to its character, and which descended to their heirs, so that upon the death of Betsy (who survived her husband Samuel) without issue it vested in the heirs of such grandchildren. I have substantially adopted the language of Finch, J., in Hennessy v. Patterson, 85 N. Y. 91, 105. See, too, Knowlton v. Atkins, 134 N. Y. 313, 317, et seq., 31 N. E. 914. The learned counsel for the appellant invokes the rule that, where the gift is expressed merely in a direction to executors or trustees to divide or to pay or to distribute at a future time, the gift is held to be contingent, and cites In re Crane, 164 N. Y. 71, 58 N. E. 47; In re Baer, 147 N. Y. 348, 41 N. E. 702; Smith v. Edwards, 88 N. Y. 92; Dougherty v. Thompson, 167 N. Y. 472, 60 N. E. 760. In Re Crane, supra, the testator gave all of his estate to his executors in trust for the life of his wife. He made no direct gift of the principal, but simply directed that upon the death of his wife his estate should be divided, and thus time was the essence of the gift. In Re Baer, supra, the donees were to take through the medium of a power in trust. There were no words either of direct or immediate gift, but only a direc-tion that the trustees should convey at a future time on a certain contingency; and the principle applied was that where a future interest is devised, not directly to a given person, but indirectly, through the exercise of a power conferred upon trustees, the devise is contingent, and survivorship at the time of distribution is essen-tial. Smith v. Edwards, supra, is cited by the learned counsel as 88 N. Y. 174, 183. The case is reported in 88 N. Y., at page 92. Pages 174 and 183 identify the report of Delaney v. McCormack, which is undoubtedly the case held in mind by the learned counsel. But in the latter case there was no gift,—no language importing such gift,—except in the direction for conversion, and then for dis-tribution. And a similar state of facts existed in Dougherty v. Thompson, supra. But in the case at bar there is no trust cre-ated, nor is the gift embodied in merely a direction to divide or to

pay or to distribute at a future time. The testator gives and be-
queaths the use or interest of the one-third to Betsy and her hus-
band, and he writes, "after their death I give said one-third to the
children," etc. The mere expression "after their death" relates to
the termination of the life estate, and does not affect the vested
character of the estate. Corse v. Chapman, 153 N. Y. 466, 47 N.
E. 812; Livingston v. Greene, 52 N. Y. 118; Moore v. Lyons, 25
Wend. 119. In Re Seaman's Estate, 147 N. Y: 69, 74, 41 N. E.
401, the testator gave, devised, and bequeathed the residue of his
estate for the life benefit of S., and "upon her decease" he gave,
devised, and bequeathed to the children living at the time of her
death. The court held that there were words of present gift. In
Dougherty v. Thompson, supra, cited by the appellant, the court
uses language which one may well adopt. It says, per Landon, J.:

"One of the subordinate rules is that, when the only gift is found in the
direction to pay or distribute at a future time, the gift is future, and not
immediate; contingent, but not vested. Its reason is plain. The direction
has no reference to the present, and can be executed only in the future, and,
if in the meantime the donee indicated shall die, the direction. cannot be
executed at all. If the testator should say, 'I give to be delivered later,' or
use equivalent words, the delivery only is postponed. The gift is complete
at the testator's death, and, if the donee shall die before delivery, delivery
can be made to his representative or assignee."

It is also contended that the bequest is governed by the rule that
where the gift is of money, and the direction to convert the estate
is absolute, the legacy vests in those who answer the description,
and are capable at the time of distribution. I find no such pro-
vision in this will. The eighth clause disposes of the residue of
the estate. It is described as money in the final subdivision there-
of, which the trustees are directed to invest, and by the ninth clause
it is left entirely with the discretion of the executors to call in the
money now invested or to reinvest the same.

It is also urged that the gift is to a class to be ascertained at
the death of the life tenant.

In Re Russell, 168 N. Y. 169, 179, 61 N. E. 166, 169, the court,.
per O'Brien, J., say:

"When a testator intends to confine the gift to a class to be ascertained
at a future time, his purpose may be so easily accomplished by the use of a
few clear and simple words that courts are not warranted, in the absence
of such language, in giving to his dispositions of property an exceptional
legal character."

See, too, In re Brown, 154 N. Y. 313, 321, 48 N. E. 537.

The gift to the grandchildren meant prima facie those in exist-
ence at the time of the testator's death, as tenants in common (In
re Russell, supra); their respective interests being subject to diminu-
tion as their number might be increased by the birth of grand-
children during the life of Betsy (authorities last cited). I think
that the testator intended to provide for all of his grandchildren,
not merely for those who might survive the termination of the
life estate. His scheme contemplated that, if any daughter left is-
sue her surviving, such issue should take the one-third charged
with the life estate in favor of that daughter, but in failure of such

issue then the one-third should go to the other grandchildren, or, as he expressed it, to all of my grandchildren. Section 2727 of the Code of Civil Procedure permits a person interested in the estate to present a petition for an accounting. The petitioner shows that he is one of the children of a deceased grandchild of the testator, and the answer to the petition does not challenge his right based upon such relation. I am of opinion that he is within the purview of the section. In re Prout, 52 Hun, 109, 4 N. Y. Supp. 841; Fisher v. Banta, 66 N. Y. 468.

Order affirmed, with costs. All concur.