Christopher C. McG-rath, S.
This is an application to compel the executrices to account. The petitioner is the husband and distributee of Julia Griasser, a deceased legatee under the will of the testatrix.
The application is opposed on the grounds that the petitioner is not a distributee or a beneficiary under the will of this testatrix and is limited to the estate of his deceased wife for the enforcement of his rights, if any.
The court is familiar with the rule laid down in many cases, among them Matter of Croker (144 Misc. 492) and the cases cited therein, to the effect that the right to compel an accounting vests in the executor or administrator of the deceased legatee and that this right is not available to a legatee or distributee of such deceased legatee, save in exceptional cases (Hart v. Goadby, 138 App. Div. 160; Matter of Mendelson, 17 Misc 2d 845) not present here.
However, in the case at bar, no legal representative of the deceased legatee has been appointed and there is therefore no *669 person presently vested with the right which the petitioner seeks to enforce.
Section 259 (subd. 1, par. a) of the Surrogate’s Court Act permits a petition to be filed by a “ person interested in the estate or fund ’ ’. This term is defined by section 314 of the Surrogate’s Court Act as one who is entitled either absolutely or contingently to share in the estate or the proceeds thereof or in the fund as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor. Although the petitioner is not strictly legally entitled to receive any portion of the estate which the executrices are called upon to administer, yet that he is a person interested in this estate within the purview of the section seems to be distinctly held in the case of Fisher v. Banta (66 N. Y. 468) cited with approval in Matter of Prout (52 Hun 109) and Matter of Watts (68 App. Div. 357). Furthermore, statutory recognition of the status of the petitioner as a person interested in this estate has been accorded by subdivision 10 of section 262 of the Surrogate’s Court Act. In order to preserve his rights, the statute makes this petitioner a necessary party to any voluntary proceeding to judicially settle the account of these executrices.
The court must therefore overrule the answer objecting to the status of the petitioner.
In view of the circumstances herein, the respondents will be allowed 10 days within which they may file a supplemental answer raising such defenses as they may be advised. Upon the filing of such answer, the matter will be set down for a hearing.
In the event of a failure to file such answer, an order may be entered in accordance with the prayer of the petition. Proceed accordingly.